The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SOMARAKIS,

    Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION, et al,

    Defendants.

No. 3:19-CV-05036-TLF

PLAINTIFF'S **AMENDED** COMPLAINT

Plaintiff alleges the following as a Complaint against the above named Defendants, as follows:

1. At all times material hereto, Plaintiff was and is an individual acting as the trustee of the John Somarakis Trust, and a resident of Clark County, Washington.

2. At all times material hereto, Defendant U.S. Bank National Association was acting as the trustee for the RMAC Trust, Series 2016-CTT. U.S. Bank, N.A., is a successor beneficiary to the beneficial interest held by ING Bank, FSB.

3. At all times material hereto, Defendant North Star Trustee, LLC, was a Washington limited liability company doing business in the State of Washington and acting as

PLAINTIFF'S **AMENDED** COMPLAINT
No. 3:19-CV-05036-TLF

Page 1

**Law Offices of Steven C. Andersen PS**
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

trustee on behalf of creditors doing business within the State and concerning real property located within the State of Washington.

4. At all times material hereto, Defendants Lisa Hackney and John Doe Hackney were wife and husband, doing business in the State of Washington, with and on behalf of North Star Trustee, LLC. All actions complained of were done for the benefit of the marital community.

5. At all times material hereto, Defendant Rushmore Loan Management Services, LLC, was a limited liability company doing business in the State of Washington, but not licensed to transact business in the State of Washington. Rushmore Loan Management Services, LLC, acts as the loan servicer for the beneficiary and is a successor loan servicer.

**FACTS**

6. The John Somarakis Trust is the owner of residential real property located at 9908 NE 107th Street, Vancouver, Washington 98662, in Clark County, Washington. The John Somarakis Trust is managed by John Somarakis, as trustee. The residential real property is owner-occupied by John Somarakis.

7. On or about March 17, 2009, Plaintiff entered into a Promissory Note and Deed of Trust with ING Bank, FSB.

8. The Promissory Note and Deed of Trust were, purportedly, assigned and/or transferred to subsequent entities. Defendants maintain that U.S. Bank National Association, as Trustee for RMAC Trust, Series 2016-CTT, is the present holder of the Promissory Note and Deed of Trust.

9. At all times material hereto, and prior to Defendants acquiring an interest in the Promissory Note and Deed of Trust, Plaintiff made payment to those legally entitled to receive the same. In addition, Defendants and/or their predecessors received payments from third parties

on behalf of Plaintiff including, but not limited to, payments from insurance companies for damages to the residential real property that were repaired by Plaintiff.

10. At all times material hereto, Plaintiff has made payments to Rushmore as required by U.S. Bank National Association and Rushmore. In many instances, the payments made by wire transfer were accepted by Rushmore and then subsequently returned to Plaintiff by Rushmore. In some instances, the payments were held in excess of 30 days. The most recent significant wire transfer of approximately $100,000.00 was kept by Rushmore and not returned for over a month. Plaintiff has made subsequent payments to Rushmore that also have been accepted and either kept or belatedly returned.

11. In addition to payments made to Rushmore and its predecessor on behalf of U.S. Bank and its predecessor, payments made via a third party were also accepted and retained by Rushmore and/or its predecessor, but never properly credited against the underlying obligation. The payments were made in relation to damage to an accessory structure on the residential property subject to the Deed of Trust, which damage was repaired and the proceeds of an insurance policy were paid to Rushmore's predecessor. When U.S. Bank acquired the loan and security for the loan, neither U.S. Bank nor Rushmore acknowledged receipt of the funds as being credited against the underlying obligation.

12. Defendant Rushmore will not have direct communications with the Plaintiff or the Plaintiff's attorney without first requiring that they submit to having the conversation recorded, which is not permitted by Washington law. By making a recording a pre-requisite to telephone communication with Rushmore and because Washington residents have the right to not be recorded without their consent, Rushmore has, effectively, made direct communication with Rushmore by Plaintiff impossible.

PLAINTIFF'S **AMENDED** COMPLAINT  Page 3
No. 3:19-CV-05036-TLF

Law Offices of Steven C. Andersen PS
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

13. As a result of the failure and refusal by Rushmore and U.S. Bank to properly account for and credit the third party insurance payment, they have and continue to charge late fees and interest that are not due. Rushmore and U.S. Bank further declare that Plaintiff is in default of his obligation when no such default exists.

14. Plaintiff, through counsel, and through other authorized representatives, have attempted, in good faith, to resolve the improper accounting and charges by Rushmore and its client (U.S. Bank) with no success because Rushmore has failed and refused to verify the debt even though it acknowledges possession of the third party insurance payment and has further accepted the most recent wire transfers and has improperly rejected, after acceptance, prior wire transfers.

15. Plaintiff is not in default or breach of the underlying Promissory Note or Deed of Trust.

16. U.S. Bank has caused a Notice of Default and Notice of Foreclosure to be initiated, recorded, and posted at the residential property despite there being no default by Plaintiff.

17. The Notice of Default and subsequent Notice of Trustee's Sale allege that Plaintiff is in default in the approximate sum of $145,000.00. This allegation is false.

18. The recording and publication of the Notice of Default and Notice of Trustee's Sale are, per se, defamatory to Plaintiff damaging Plaintiff in an amount to be proven at trial.

19. The recording and publication of the Notice of Default and Notice of Trustee's Sale are outrageous and have damaged Plaintiff in an amount to be proven at trial. After the publication of the Notice of Default by Lisa Hackney and North Star Trustee, LLC, Plaintiff, through counsel, wrote to Ms. Hackney and North Star requesting that the debt be verified. Upon information and belief, Ms. Hackney and North Star Trustee did not verify the debt and

PLAINTIFF'S **AMENDED** COMPLAINT  Page 4
No. 3:19-CV-05036-TLF

**Law Offices of Steven C. Andersen PS**
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

instead proceeded forward with attempts to collect the debt by posting and recording the Notice of Trustee's Sale.

20. Prior to the involvement of North Star Trustee and Ms. Hackney, Plaintiff communicated with Rushmore and was ultimately informed that Rushmore was represented by Zieve Brodnax & Steele, LLP (hereinafter "Zieve"), out of Irvine, California. Plaintiff, through counsel, wrote to Zieve concerning the improper actions of Rushmore and requested that Zieve investigate and verify the debt. Zieve never responded to the original, or subsequent, correspondence to it.

21. Less Zieve is listed as an owner of North Star Trustee, LLC.

22. Plaintiff, through authorized representatives and through legal counsel, requested that Rushmore verify the debt. Rushmore did not verify the debt and instead undertook efforts to collect the debt from Plaintiff.

23. Rushmore also failed to give notices required under the Fair Debt Collection Practices Act in subsequent communication with Plaintiff and/or his authorized representatives.

24. Based on information and belief, North Star Trustee, Rushmore, and Hackney, all have a business interest in proceeding with a non-judicial foreclosure sale of the subject property.

25. Hackney and North Star Trustee have failed to exercise their duty of good faith to the borrower, a violation of the non-judicial foreclosure laws of the State of Washington and a per se violation of the Consumer Protection Act. Defendants knew, or reasonably should have known, that Plaintiff was current on his obligations at the time Defendants initiated collection action claiming defaults that did not exist.

26. Plaintiff is entitled to an injunction against the sale pursuant to RCW 61.24.130, an Order restraining the sale of the owner-occupied residential real property, and Plaintiff should

PLAINTIFF'S **AMENDED** COMPLAINT  
No. 3:19-CV-05036-TLF

Page 5

**Law Offices of Steven C. Andersen PS**  
201 NE Park Plaza Drive, Suite 200  
Vancouver, Washington 98684  
Telephone: 360.254.8200

not be required to give any security for issuance of an order to restrain the sale and/or an injunction because of the amount of the equity Plaintiff has in the property subject to the Deed of Trust.

**FIRST CAUSE OF ACTION**
**(COLLECTION AGENCY ACT VIOLATION AGAINST DEFENDANTS NORTH STAR, HACKNEY AND RUSHMORE)**

27. Plaintiff relleges paragraphs 1 through 26 as if set forth fully herein, and alleges the following cause of action against North Star, Hackney, and Rushmore.

28. Defendants North Star and Rushmore have violated the Collection Agency Act and have damaged Plaintiff in an amount to be proven at trial, including his reasonable attorney fees and costs.

**SECOND CAUSE OF ACTION**
**(DEFAMATION, PER SE, AGAINST DEFENDANTS NORTH STAR, HACKNEY, RUSHMORE AND U.S. BANK)**

29. Plaintiff relleges paragraphs 1 through 28 as if set forth fully herein, and alleges the following cause of action against North Star, Hackney, Rushmore, and U.S. Bank.

30. Each of the Defendants have communicated to third parties without privilege, false facts which have defamed and injured the reputation of Plaintiff, damaging Plaintiff in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**(OUTRAGE AGAINST DEFENDANTS NORTH STAR; RUSHMORE; HACKNEY, AND U.S. BANK)**

31. Plaintiff relleges paragraphs 1 through 30 as if set forth fully herein, and alleges the following cause of action against North Star, Rushmore, Hackney, and U.S. Bank.

32. The action of these Defendants is outrageous and has damaged Plaintiff in an amount to be proven at trial.

PLAINTIFF'S **AMENDED** COMPLAINT  Page 6
No. 3:19-CV-05036-TLF

Law Offices of Steven C. Andersen PS
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

## FOURTH CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST DEFENDANT U.S. BANK)

33. Plaintiff relleges paragraphs 1 through 32 as if set forth fully herein, and alleges the following cause of action against U.S. Bank.

34. Defendant U.S. Bank, as a successor in interest to the original Promissory Note and Deed of Trust, has breached its contract with Plaintiff by failing to credit payments received from third party insurers on behalf of Plaintiff's obligation. Defendant U.S. Bank has further breached its contract with Plaintiff by charging late fees and interest without properly accounting for payments made by third party insurers and others, including payments made by Plaintiff to Rushmore on behalf of U.S. Bank which payments were originally accepted and then rejected. Upon information and belief, there are currently no late fees or default interest owed on Plaintiff's obligation.

35. Defendant U.S. Bank has further breached its contract with Plaintiff by declaring a default and proceeding forward with a non-judicial foreclosure sale of the subject real property where no default exists, and U.S. Bank has failed to properly credit and account for payments made against Plaintiff's obligation.

36. As a direct and proximate result of U.S. Bank's breach of contract, Plaintiff has been damaged in the principal amount of $350,000.00, or such greater amount as may be proven at trial, including his reasonable attorney fees and costs.

37. Plaintiff has performed all obligations on his part required by the parties' contract.

## FIFTH CAUSE OF ACTION
### (CPA VIOLATION AGAINST DEFENDANTS U.S. BANK; RUSHMORE; HACKNEY, AND NORTH STAR)

38. Plaintiff relleges paragraphs 1 through 37 as if set forth fully herein, and alleges the following cause of action against U.S. Bank, Rushmore, Hackney, and North Star.

PLAINTIFF'S **AMENDED** COMPLAINT  Page 7
No. 3:19-CV-05036-TLF

**Law Offices of Steven C. Andersen PS**
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

39. As a direct and proximate result of Defendants' actions, Defendants have violated the Washington Consumer Protection Act.

40. Plaintiff has been damaged in an amount to be proven at trial, but no less than $350,000.00, plus treble damages not to exceed $25,000 as provided for in Chapter 19.86 RCW.

41. Plaintiff is further entitled to recover his reasonable attorney fees and cost incurred herein pursuant to the Consumer Protection Act.

### SIXTH CAUSE OF ACTION
### (NEGLIGENCE AGAINST ALL DEFENDANTS)

42. Plaintiff relleges paragraphs 1 through 41 as if set forth fully herein, and alleges the following cause of action against all named Defendants.

43. Defendants have negligently failed to account for, investigate, or verify the indebtedness, if any, of Plaintiff to U.S. Bank. In addition, Rushmore's handling of the account has been negligent, damaging Plaintiff in an amount to be proven at trial, but no less than $350,000.00.

### SEVENTH CAUSE OF ACTION
### (BREACH OF DUTY OF GOOD FAITH BY NORTH STAR AND HACKNEY)

44. Plaintiff relleges paragraphs 1 through 43 as if set forth fully herein, and alleges the following cause of action against North Star and Hackney.

45. North Star Trustee, LLC and Lisa Hackney owe an obligation of good faith to Plaintiff.

46. North Star Trustee, LLC and Lisa Hackney have breached their duty of good faith to Plaintiff by failing to investigate and verify the debt despite receiving written communication from Plaintiff's attorney requesting that they verify the debt. Defendants North Star Trustee, LLC and Lisa Hackney have further breached their duty of good faith to the Plaintiff by failing

PLAINTIFF'S **AMENDED** COMPLAINT  Page 8
No. 3:19-CV-05036-TLF

Law Offices of Steven C. Andersen PS
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

and/or refusing to communicate with Plaintiff's attorney about the underlying handling of the debt by Rushmore and U.S. Bank, and that no default exists.

47. As a direct and proximate result of Defendants' breach of duty, Plaintiff has been damaged in an amount to be proven at trial, but no less than $350,000.00, in addition to Plaintiff's reasonable attorney fees and costs incurred herein.

### EIGHTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

48. Plaintiff relleges paragraphs 1 through 47 as if set forth fully herein, and alleges the following cause of action.

49. Plaintiff is entitled to a declaratory judgment that he is not in default of his obligations to Defendant U.S. Bank. Because Defendants are proceeding with a non-judicial foreclosure of Plaintiff's residential real property, there is no adequate remedy at law.

### NINTH CAUSE OF ACTION
### (INJUNCTION/ORDER RESTRAINING SALE)

50. Plaintiff relleges paragraphs 1 through 49 as if set forth fully herein, and alleges the following cause of action.

51. Plaintiff is entitled to an Order restraining and/or enjoining the sale of the residential real property pursuant to RCW 61.24.130 or other applicable Washington law. There exists substantial equity in the real property and, therefore, no bond should be required of Plaintiff to enjoin the sale.

WHEREFORE, Plaintiff is seeking judgment as follows:

A. Declaratory Judgment declaring that Plaintiff is not in default of its obligations to the successor beneficiary US Bank.

PLAINTIFF'S **AMENDED** COMPLAINT  Page 9
No. 3:19-CV-05036-TLF

Law Offices of Steven C. Andersen PS
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200

B. For an Order enjoining the sale of the residential real property and/or an injunction barring the sale of the property;

C. Plaintiff shall not be required to post a bond to enjoin the sale of the residential real property;

D. For damages in an amount to be proven at trial, but no less than $350,000.00;

E. For treble damages under the Washington Consumer Protection Act;

F. For an award of Plaintiff's reasonable attorney fees and costs incurred herein pursuant to Washington and Federal law; and,

G. For such other and further relief as the Court deems just and equitable.

Dated: January 16, 2019.

LAW OFFICES OF STEVEN C. ANDERSEN PS

_____
STEVEN C. ANDERSEN, WSBA #25860
Attorney for Plaintiff
201 NE Park Plaza Drive, Suite 200
Vancouver, WA 98684
(360) 254-8200
steve.andersen@scalitigation.com

PLAINTIFF'S **AMENDED** COMPLAINT
No. 3:19-CV-05036-TLF

Page 10

**Law Offices of Steven C. Andersen PS**
201 NE Park Plaza Drive, Suite 200
Vancouver, Washington 98684
Telephone: 360.254.8200