UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SOMARAKIS, | CASE NO. C19-5036 RBL |
| Plaintiff, | ORDER GRANTING REMAND |
| v. | |
| US BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

THIS MATTER is before the Court on plaintiff's Motion to Remand [Dkt. # 10]. Plaintiff Somarakis sued U.S. Bank in state court for violations of the FDCPA and the FCRA—claims over which this Court had original jurisdiction—as well as various state law claims, over which this Court had supplemental jurisdiction. 42 U.S.C. § 1367(a). All of the claims relate to and arise from Somarakis's mortgage and U.S. Bank's efforts to foreclose on its security. U.S. Bank timely and properly removed [Dkt. # 1] the case here, based on the federal claims. *See* 42 U.S.C. §§ 1331, 1441(a).

Somarakis filed an amended complaint [Dkt. # 8] which deleted his federal claims, and moved to remand. He argues that the Court no longer has subject matter jurisdiction over his remaining state law claims.

This position ignores the Court's supplemental jurisdiction under 42 U.S.C. § 1367(a). The dismissal or deletion of the federal claims rises a question as to whether the Court *should* retain supplemental jurisdiction over a case properly removed here; it does not deprive this Court of subject matter jurisdiction:

> With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. *See* §§ 1367(a), (c). A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. *See* § 1367 (c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction")[.]

*Carlsbad Technology, Inc. v HIF Bio, Inc.*, 556 U.S. 635, 638 (2009). Nevertheless, there is no discernable reason for the Court to exercise its supplemental jurisdiction over a case that has barely begun. U.S. Bank has not even responded to the Motion.

The Motion to Remand is GRANTED and this case is REMANDED to Clark County Superior Court. The pending motions for a restraining order [Dkt. # 17] and for default [Dkt. # 21] are DENIED as moot.

IT IS SO ORDERED.

Dated this 14th day of February, 2019.

Ronald B. Leighton
United States District Judge